## UNITED STATED DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PATRICIA KENNEDY, Individually,

    Plaintiff,

vs.         **CASE NO.: 0:19-cv-62809-RS**

JAY SHRI HANUMAN, INC., d/b/a Econo Lodge,

    Defendant.
_____/

## **DEFENDANT'S ANWER AND AFFIRMATIVE DEFENSES**

Defendant, JAY SHRI HANUMAN, INC., d/b/a Econo Lodge, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses, and states as follows:

1. Without knowledge; therefore denied.

2. Without knowledge; therefore denied.

3. Admitted for jurisdictional purposes; otherwise denied.

4. Admitted for jurisdictional purposes; otherwise denied.

5. Admitted for jurisdictional purposes; otherwise denied.

6. Admitted as to the applicability of the ADA; otherwise denied.

7. No response is required for this paragraph.

8. No response is required for this paragraph.

9. Denied as those are all third-party websites over which the Defendant has no control over.

10. Without knowledge; therefore denied, including as to all subparts. The Defendant further states that it has no control over third-party websites identified therein as a franchisee or otherwise.

11. Without knowledge; therefore denied.

12. Without knowledge; therefore denied.

13. Without knowledge; therefore denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted for jurisdictional purposes; otherwise denied.

### AFFIRMATIVE DEFENSES

As separate defenses, the Defendant alleges, as follows:

First Defense

1. The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

Second Defense

2. The Plaintiff has demanded modifications to the Defendant's facilities which are either not readily achievable or technically feasible, not required under the ADA and/or the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), which would create an undue hardship on the Defendant, would fundamentally alter the way that the Defendant provides their goods and services, and/or would create a risk to the health and safety of and/or other individuals.

Third Defense

3. To the extent that the Plaintiff has failed to satisfy conditions precedent to filing suit, the Plaintiff's claims are barred as a matter of law.

### Fourth Defense

4. The Plaintiff lacks standing to bring this action and therefore the Complaint should be dismissed in its entirety.

### Fifth Defense

5. To the extent that improvements to bring the subject property into compliance were underway in advance of the instant lawsuit, and such improvements were not in any way the result of, or related to, the present litigation or any threat of litigation, the Plaintiff's Complaint should be dismissed in its entirety.

### Sixth Defense

6. To the extent that the Plaintiff is not the prevailing party in this action, the Plaintiff is not entitled to recover any costs, expenses, or attorney's fees, including expert fees and costs, from the Defendant. Further, to the extent that the processes to undertake improvements to bring the subject property into compliance were underway prior to the filing of this action, and were not in any way the result of or related to the present litigation or any threat of the litigation, the Plaintiff is not entitled to recover any costs, expenses, or attorney's fees, including expert fees and costs, from the Defendant.

### Seventh Defense

7. The subject property is substantially in compliance with their obligations under the ADA and ADAAG.

### Eighth Defense

8. To the extent that the subject property was built prior to the enactment of the ADA, it is not subject to the ADAAG.

### Ninth Defense

9. The Plaintiff has failed to mitigate his damages, including his attorney's fees and costs.

### Tenth Defense

10. The Defendant provided readily achievable alternatives to barrier removal where appropriate, which is in full compliance with the ADA and the ADAAG.

### Eleventh Defense

11. The Plaintiff has failed to pursue, initiate, or propose the use of alternate means of dispute resolution as encouraged by 42 U.S.C. § 12212 and, therefore, this Court lacks subject matter jurisdiction over this cause.

### Twelfth Defense

12. The Plaintiff has failed to allege the necessary elements of a temporary or permanent injunction and therefore is not entitled to such relief.

### Thirteenth Defense

13. The Plaintiff has not suffered any damages whatsoever.

### Fourteenth Defense

14. The Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

### Fifteenth Defense

15. The Defendant alleges that it fulfilled any obligation it may have had to reasonably accommodate the Plaintiff's alleged disabilities.

Sixteenth Defense

16.     The Defendant alleges the Plaintiff's alleged injuries and alleged damages, if any, were proximately caused and contributed to by his own negligence, misfeasance and/or malfeasance and therefore any remedy or recovery to which the Plaintiff might have otherwise been entitled must be denied or reduced accordingly.

Seventeenth Defense

17.     The Defendant alleges they granted the Plaintiff access to their facilities and that if Plaintiff was in fact excluded from their facilities, any such exclusion was rationally related to the services performed and the facilities provided by the Defendant, or were only a temporary condition.

Eighteenth Defense

18.     The Defendant alleges the Complaint is barred by the doctrines of estoppel, unclean hands, and impossibility.

WHEREFORE, Plaintiff, PATRICIA KENNEDY, should take nothing by this action and go hence without day; and Defendant, Counsel for Defendant, NARAYAN HOSPITALITY, INC. d/b/a AMERICAS BEST VALUE INN ACWORTH KENNESAW, should be awarded its costs and attorney's fees, and such other and further relief as the court deems necessary and just.

/s/ Eric W. Neilsen
Eric W. Neilsen, Esquire
FBN:  476757
**NEILSEN LAW GROUP, P.A**.
Counsel for Defendant, JAY SHRI HANUMAN, INC., d/b/a Econo Lodge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **December 3, 2019**, a true and correct copy of the above and foregoing was filed via CM/EMF which will provide service to: Thomas B. Bacon, Esq., Thomas B. Bacon, P.A., 644 North McDonald Street, Mt. Dora, FL 32757 (tbb@thomasbaconlaw.com); and Theresa B. Edwards, Esq., American Justice, P.A., 412 N.E. 4th Street, Fort Lauderdale, FL, 33301 (theresa@americanjusticepa.com) *counsel for plaintiff.*

/s/ Eric W. Neilsen
Eric W. Neilsen, Esquire
FBN: 476757
**NEILSEN LAW GROUP, P.A**.
100 2nd Avenue North, Suite 240
St. Petersburg, FL 33701
Phone: (727) 350-3240
Facsimile: (727) 471-0616
Email: eneilsen@neilsenlawgroup.com
Counsel for Defendant, JAY SHRI HANUMAN, INC., d/b/a Econo Lodge

C:\Users\Eric\Documents\~ 1 Cases\Kennedy v Jay Shri Hanuman\Kennedy v Jay Shri Hanuman -- Answer.doc